IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PERCY ALLEN, JR. | ) |
| | ) |
| Plaintiff, | ) Case No. |
| vs. | ) |
| | ) Judge: |
| BOARD OF TRUSTEES OF COMMUNITY | ) |
| COLLEGE DISTRICT #508 d/b/a CITY | ) |
| COLLEGES OF CHICAGO | ) Magistrate Judge: |
| | ) |
| Defendant. | ) JURY DEMANDED |

## COMPLAINT

The Plaintiff, Percy Allen, Jr, by and through his attorneys, hereby complains against the Defendant Board of Trustees of Community College District #508 d/b/a City Colleges of Chicago as follows:

**Nature of the Action**

1. The Plaintiff is an African-American. In March 2014, Plaintiff applied for several available security positions at the Defendant's Arturo Valesquez Institute and interviewed for the positions on April 23, 2014. Despite his exemplary experience and qualifications, the Defendant snubbed the Plaintiff and instead filled the positions with less qualified individuals who were not African-American. As a result, the Plaintiff brings this action alleging racial discrimination in violation of Title VII of the Civil Rights Act. 42 U.S.C. 2000e-2.

2. Upon learning of the discriminatory conduct, Allen filed Charge No. 440-2015-04040 with the Equal Employment Opportunity Commission against Defendant alleging discrimination based on his race - Black.

3. On July 7, 2015, the EEOC issued Allen with a notice of his right to sue. A true and correct copy of the Right to Sue Notice is attached hereto as Exhibit A. Allen has brought

this action within 90 days from his receipt of the Right to Sue Notice.

## Jurisdiction and Venue

4.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the case involves a federal question brought under Title VII of the Civil Rights Act. 42 U.S.C. 2000e-2.

5.     Venue is appropriate in this district court under 28 U.S.C. §1391(b) and (c) because the Defendant does business in the Northern District of Illinois and the cause of action arose here.

## The Parties

6.     The Plaintiff, Percy Allen, Jr., ("Allen") is an African-American, residing in Chicago, Illinois.

7.     Allen has served with the Chicago Police Department for over 25 years and has extensive experience in the area of private security, including eight years with the Defendant, working security at the Harold Washington College, a City College of Chicago.

8.     Defendant Board of Trustees of Community College District #508 d/b/a City Colleges of Chicago (hereinafter "City Colleges of Chicago") operates, manages and controls several public institutions engaged in the business of higher education, including the Richard J. Daley College and its satellite campus, the Arturo Valesquez Institute.

9.     On information and belief, City Colleges of Chicago employs in excess of 15 employees and is an "Employer" within the meaning of Title VII of the Civil Right Act, 42 U.S.C. § 2000e(b).

## Defendant's Discrimination of Plaintiff

10.    In approximately March 2014, Allen was informed that Defendant had open

-2-

security positions available at the Arturo Valesquez Institute.

11.     Plaintiff contacted the Defendant's agent, Frank Limon, the Director of Security at the Arturo Valesquez Institute who confirmed the open positions and instructed Allen on the procedures for applying. Allen followed the procedures provided, submitted his application and resume, and confirmed their receipt with Limon through a phone call. Limon informed Allen that he would be notified shortly of the interview date.

12.     By April, 2014, Plaintiff had not received any response regarding his application. Accordingly, Allen again contacted Limon who stated the application was not received. After reminding Limon of their prior conversation, Limon stated he would search for Allen's submissions.

13.     In a subsequent conversation, Limon stated he located Allen's application and scheduled an interview for April 23, 2014.

14.     The April 23, 2014 interview was conducted by Limon and Dan Hudak, both non-black. Plaintiff explained his extensive experience in the security field, including his eight years as a security officer at the Defendant's Harold Washington College where he had an exemplary employment history. Limon represented he would contact the plaintiff to complete the hiring process.

15.     Limon, however, did not contact Allen or respond to his calls and emails.

16.     On or about July 30, 2014, Allen finally reached Limon by phone. Limon informed Allen that all of the positions were filled.  Plaintiff is informed and believes the positions were primarily filled by Hispanics who had substantially less experience than the experience possessed by Plaintiff in the field of security.

17.     The failure to hire the Plaintiff, a substantially more qualified candidate for any of

the available security positions, was motivated by his race - Black.

18. By failing to hire the Plaintiff because of his race, the Defendant violated Title VII of the Civil Rights Act, as amended, 42 U.S.C. §2000e-2

19. As a direct and proximate result of the Defendant's violation of Title VII, the Plaintiff suffered lost wages and compensatory damages, including emotional distress.

Wherefore, the Plaintiff, Percy Allen, Jr., hereby request that judgment be entered in his favor and against the Defendant Board of Trustees of Community College District #508 d/b/a City Colleges of Chicago, and to award him the following relief:

    a. Declare that the acts and practices complained of herein are in violation of Title VII, 42 U.S.C. § 2000e-2;

    b. Restrain and permanently enjoin these violations of Title VII;

    c. Direct the Defendants to take such affirmative action as is necessary to ensure that the effects of these unlawful practices are eliminated;

    d. Award Plaintiff actual damages;

    e. Award Plaintiff back pay and front pay if restatement is not feasible;

    f. Award Plaintiff compensatory damages and damages for his mental anguish and humiliation;

    g. Award Plaintiff his costs incurred in connection with this action, including reasonable attorneys' fees as provided by 42 U.S.C. § 2000e-6(k); and

    h. Grant Plaintiff such other and further relief as this Court deems just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY**

                                            PERCY ALLEN, JR.

                                            By: */s/ Marshall J. Burt*
                                                 One of his attorneys

Marshall J. Burt, Esq.
The Burt Law Group, Ltd.
77 West Washington Street, Suite 1300
Chicago, IL 60602
(312) 419-1999
Marshall@mjburtlaw.com